940 F.2d 653
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William BRANCH, Defendant-Appellant.
 No. 90-5864.
 United States Court of Appeals, Fourth Circuit.
 Argued July 11, 1991.
Decided Aug. 14, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge; James C. Cacheris, Claude M. Hilton, District Judges. (CR-90-257-A)
 Gregory Beckwith, Phillips, Beckwith & Hall, Fairfax, Va., for appellant.
 Richard William Westling, Special Assistant United States Attorney, Alexandria, Va. (Argued), for appellee; Henry E. Hudson, United States Attorney, Alexandria, Va., on brief.
 E.D. Va.
 AFFIRMED.
 Before WILKINSON, WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 William Branch appeals his conviction of and sentence for possession of cocaine base. 21 U.S.C.A. Sec. 841(a)(1) (West 1981). Branch contends that the government failed to prove that venue was proper in the Eastern District of Virginia and that the district court erred by including a juvenile adjudication in calculating his criminal history category. We affirm.
 
 I.
 
 2
 Evidence at trial established that Branch was arrested at 9731 Aspen Place, Manassas, Virginia, for possession of cocaine base at that location. The government presented evidence that the arresting officers included Manassas City police officers working in conjunction with Prince William County officers. The district court found the evidence sufficient to prove that the alleged acts occurred in the Eastern District of Virginia and so instructed the jury.
 
 
 3
 A defendant has a right to be tried in the district where the alleged crime was committed, and the prosecution must prove that venue is proper by a preponderance of the evidence. United States v. Griley, 814 F.2d 967, 973 (4th Cir.1987). Cities are in the district of the county in which they are incorporated. 28 U.S.C.A. Sec. 127(c) (West Supp.1991). Prince William County is in the Eastern District of Virginia. 28 U.S.C.A. Sec. 127(a) (West 1968). We hold that sufficient evidence was presented at trial to support the conclusion of the district court that venue was proper in the Eastern District.
 
 II.
 
 4
 The district court calculated Branch's criminal history category by including a juvenile drug offense adjudicated in state court. Branch argues that because the juvenile adjudication could not be used in state court to enhance a subsequent state court sentence, it should not be considered in federal court. The sentencing guidelines direct the sentencing judge to consider juvenile adjudications when determining a defendant's criminal history category. See United States Sentencing Commission, Guidelines Manual, Sec. 4A1.2(d) (Nov.1989). The Supremacy Clause of the United States Constitution, U.S. Const. art. VI, cl. 2, prevents state law from barring consideration of the juvenile adjudications when federal law directs differently. See United States v. Daniels, 929 F.2d 128, 130 (4th Cir.1991). Therefore, the district court properly included Branch's juvenile adjudication when calculating his criminal history category.
 
 
 5
 AFFIRMED.